In re Peggy Sue **SEIBEL**, Debtor.

Bankruptcy No. 2-87-01071.

SSAN(S): 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.

United States Bankruptcy Court, S.D. Ohio, E.D.

Nov. 5, 1987.

Frank M. Pees, Worthington, Ohio, Trustee.

James J. Marlin, Jr., Columbus, Ohio, for debtor.

Charles D. Ross, Dayton, Ohio, for Mellon.

## ORDER ON PARTIAL OBJECTION TO CLAIM OF MELLON FINANCIAL SERVICES

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon an objection, filed by Chapter 13 debtor Peggy Sue Seibel, to a portion of the claim of Mellon Financial Services ("Mellon"). The objection was opposed by Mellon and was heard by the Court. Both parties also filed brief post-hearing statements of their positions.

Mellon and the debtor are parties to a mortgage note executed on April 26, 1974, in an original principal amount of $26,000. Payment of that note is secured by a first mortgage against the debtor's residence in Licking County, Ohio. Prior to the filing of the Chapter 13 case, Mellon had commenced a suit in the Court of Common Pleas of Licking County seeking judgment on the mortgage note and the right to foreclose its interest in the debtor's residence. Progress in that action was apparently stayed by the filing of this Chapter 13 case.

The Chapter 13 plan, as confirmed on August 24, 1987, provides that the debtor pay Mellon directly for ongoing post-bankruptcy mortgage payments and that the debtor's monthly payment to the Chapter 13 trustee be used, in part, to cure all arrearage owed to Mellon. Mellon filed a proof of claim for its arrearage in the amount of $4,639.70, and as part of that claim, requests repayment of an amount of $1,025 delineated as "foreclosure costs." It is the appropriateness of that portion of the arrearage claim which is the subject of the debtor's objection.

Initially the Court notes that the value of the debtor's residence, against which Mellon has the first mortgage, is significantly in excess of the amount owed to Mellon. Therefore, Mellon is an oversecured creditor within the meaning of 11 U.S.C. § 506(b).

The "foreclosure costs" included in Mellon's claim have been explained further as including $450 for legal fees, $250 for title examination and $325 for court costs. At the hearing on this matter the parties agreed that the court costs of $325 were allowable. Accordingly, only an amount of $800 remains as the subject of the debtor's objection.

Mellon argues that, whether or not foreclosure costs are a permissible portion of its claim, it is nevertheless entitled to charge the debtor for legal costs and title

expenses it incurred in "reinstating" the loan to conform with the Chapter 13 plan provisions. This change in position, expressed at the very brief, non-evidentiary hearing on this matter and included in Mellon's post hearing memorandum, appears to have been compelled by acceptance of the debtor's argument that such charges may not be permitted to be assessed against a debtor as foreclosure costs under Ohio Law. *Miller v. Kyle,* 85 Ohio St. 186, 97 N.E. 372 (1911). Without arguing the applicability of Ohio law under the provisions of 11 U.S.C. § 506(b), Mellon has recharacterized its charged-back expenses as "reinstatement costs", allegedly accepted in practice as valid assessments against a debtor under Ohio law.

In response to Mellon's argument, the debtor asserts that "reinstatement costs" apply only to voluntary reinstatements, and that the reinstatement of a loan forced by a filing under the provisions of Chapter 13 of the Bankruptcy Code is not a voluntary reinstatement, but is an action compelled by federal law.

 The Court finds that Mellon cannot prevail in this matter. First, Mellon has not established any contractual right to assess the debtor for the legal and title examination costs incurred in connection with either the foreclosure action pending at the time this case was filed or with any reinstatement of the loan. Without deciding whether federal law, specifically 11 U.S.C. § 506(b), would permit allowance of those costs despite applicable state law in Ohio which prohibits such assessment, the Court finds that Mellon must demonstrate a contractual entitlement to such costs before the issues of allowance and applicable law arise. The Mortgage Deed attached to Mellon's proof of claim has no such entitlement in its provisions, and the Mortgage Note similarly attached, with the exception of the first two paragraphs, is illegible. Therefore, pursuant to Local Bankruptcy Rule 2.8, and despite the Court's preference to resolve the issue on its facts, the provisions of the Mortgage Note cannot establish Mellon's position.

 The Court further finds that even if Mellon had been able to demonstrate contractual entitlement to reimbursement of costs for voluntary reinstatement of a loan, deceleration of a previously accelerated loan and cure of arrearages in that obligation, when compelled by the provisions of a debtor's Chapter 13 plan, do not constitute a voluntary process of reinstatement.

Based upon the foregoing, the debtor's objection to the claim of Mellon is SUSTAINED as to $800 included in Mellon's claim for arrearages. Such claim shall be allowed only in the amount of $3,839.70.

IT IS SO ORDERED.